## PRUYN *vs.* BRINKERHOFF.

Whether respondents in an appeal by an executor and legatee from a decree of the surrogate, admitting a will to probate, will not waive the right to object to the executor's ability to appeal, by their default in not answering, and in allowing an order to be entered that the appeal be heard ex parte? *Quære.*

A gift, by will, to an executor, of a sum of money as a compensation for his services as such, over and above his commissions, stands in the same position, and partakes of the same character, as the commissions of an executor. It is not an absolute gift, and not such a devise or legacy as becomes forfeited under the statute, (2 *R. S.* 65, § 50,) by the legatee becoming a subscribing witness to the execution of the will.

Nor are a devise of real estate in trust to make partition, and for various special purposes, or a gift of personal estate in trust, forfeited by the devisee or legatee becoming a subscribing witness.

Whether the above statutory provision is superseded and amended by section 399 of the Code of Procedure? *Quære.*

MOTION to dismiss the appeal of Robert H. Pruyn, as executor and legatee, from a portion of the decree of the surrogate of Albany county, admitting to probate the will of Blandina Dudley, deceased, by which counsel fees were awarded to counsel appearing in support of, and in opposition to, the will.

The appellant was appointed executor by a codicil. He was a subscribing witness to the will, and was examined as such under a commission, while in Japan, and testified

to the execution of the will, without having any knowledge of the existence of the codicil. By the will he was appointed a trustee of the real estate, to make partition, and for various special purposes. He was also a legatee in trust, and the sum of one thousand dollars was bequeathed to him as a compensation for his services as executor, over and above his commissions.

The respondents were duly served with a petition of appeal, on the 22d of June, 1867, and were in default for not answering; an order having been entered, on the proper affidavit, that the appeal be heard *ex parte*, under rule 44.

*J. F. Seymour* and *A. Lansing*, for the appellant.

*J. Forsyth* and *H. Smith*, for the respondents.

*By the Court*, MILLER, J. There may, perhaps, be some question whether the respondents have not waived the right to object to the executor's ability to appeal, by their default in not answering, and in allowing an order to be entered that the appeal be heard *ex parte*. But passing by the question of waiver, I think the motion to dismiss the appeal to the Supreme Court, from the surrogate's decree, must be denied.

By the statute, (2 *R. S.* 66, § 55,) the right of appeal is given to any devisee or legatee named in the will of the testator. The appellant is, I think, both *a devisee and a legatee in trust*, under the will; and unless the devises and bequests to him are forfeited by the provisions of 2 *Rev. Stat.* 65, § 50, he has a clear right of appeal. The statute last cited does not, I think, deprive the appellant of such right, and he is not such a devisee or legatee as is deprived of that privilege. The term "beneficial," in that section, has been held not to apply to all kinds of

devises and bequests, and none but such as are comprehended within this class are avoided. (*McDonough* v. *Loughlin,* 20 *Barb.* 244, 245.) The devise of one thousand dollars was bestowed as a compensation for services to be rendered as an executor; and it stands in the same position, and partakes of the same character, as the commissions of an executor. It was not an absolute gift, and not such a devise or legacy as becomes forfeited under the statute. Nor are the devises in trust forfeited within the provisions of the statute in question. This principle is expressly held in the case cited, and I think it is decisive upon the question now submitted to our consideration.

It is urged that the statute is superseded and amended by section 399 of the Code, and that this should be construed in connection with 2 *Rev. Stat.* 65, § 50; but as there are other grounds upon which this motion should be denied, it is not essential to enter upon a discussion of the question how far this provision of the Code, designed as it was, to change the old common law rule which precluded all persons who were interested, from testifying as witnesses, modifies or affects the statute.

The motion to dismiss the appeal must be denied, with ten dollars costs.

[Albany General Term, September 16, 1867. *Miller, Ingalls* and *Hogeboom,* Justices.]