Rockingham, }
Jan. 3, 1911. }

## COCHRAN, *Ex'r, Ap't, v.* BROWN *& a.*

A bequest of the residue of an estate to the executor, as compensation for his expenses of adminstration, does not render his wife incompetent as a witness to the will.

PROBATE APPEAL, from the disallowance of the will of William P. Simpson. Transferred from the April term, 1910, of the superior court by *Pike*, J., on an agreed statement of facts.

Simpson died in 1909. The wife of John E. Cochran, who is executor and residuary legatee, was one of the three subscribing witnesses to the will, which was dated May 25, 1905, and contains the following: "The rest and remainder of my property, whether real or personal, I give to my executor hereinafter named, for his expenses in adminstrating this estate. He to serve without bonds and to use his best judgment in disposing of the property. And my wish is that he shall not be limited to two years in settlement of the estate, but shall have what time he needs to receive the most income for the same. And I do hereby constitute and appoint John E. Cochran executor of this my last will and testament."

The plaintiff offered to show that the amount passing under the residuary clause, after payment of the debts and legacies, would be no more than reasonable and proper compensation for the executor's services in settling the estate. This evidence was offered as tending to show that it was not the testator's intention to make any beneficial devise or legacy to Cochran, and that the legacy to him was not in fact beneficial. The evidence was excluded and the decree of the probate court affirmed, subject to the plaintiff's exception.

*Eastman, Scammon & Gardner* (*Mr. Scammon* orally), for the plaintiff.

*G. K. & B. T. Bartlett* (*Benjamin T. Bartlett* orally), for the defendants.

PARSONS, C. J.   It was held in *Hodgman* v. *Kittredge*, 67 N. H. 254, that the wife of one who received a beneficial interest under a will was not a credible witness thereto (P. S., c. 186, s. 2), and that section 3, chapter 186, Public Statutes, did not apply in such case. In *Stewart* v. *Harriman*, 56 N. H. 25, it was held that the wife of an executor who received no beneficial interest under the will was a competent witness thereto, and that the fact that the executor would receive compensation for his services was not such an interest as would disqualify him or his wife.   The question is whether either would have been at common law a competent witness at the time of attestation to proof of the will, regardless of modern legislation as to the competency of witnesses.   P. S., c. 224, s. 21; *Weston* v. *Elliott*, 72 N. H. 433, 438.

To the general rule that an interested witness could not testify there were many exceptions.   An interest in the question merely, and not in the event of the cause, did not exclude a witness.   Neither was a witness excluded whose interest was uncertain, remote, and contingent.   *Weston* v. *Elliott, supra*, 440, 441.   These rules were not always correctly or logically applied.   Cases are to be found where the amount of a witness' interest was confused with its character.   *White Mts. R. R.* v. *Eastman*, 34 N. H. 124; *Perkins* v. *Pitman*, 34 N. H. 261.   But this is not a sound reason for illogically applying the rule at this day, and admitting the witness whose interest is of a certain character in one case, and excluding him in another where his interest is of exactly the same character, but may be greater in degree.   The amount of interest goes logically to the weight of the evidence; the character of the interest, to the competency of the witness.

As it is the law of this state that the expectation of payment for a service to be performed does not render a witness incompetent, the amount of compensation cannot exclude the witness, whatever bearing it may have on the weight of his testimony.   At the time this will was signed, it may have been clear that by the will the executor would receive less than the law would give him.   It may have been thought that he would receive more; but as he could

receive nothing except for service performed, his interest to get employment does not render him or his wife incompetent under the rule of *Stewart* v. *Harriman*. The witness was credible. An opposite result can be reached only by a reversal of that case or an illogical application of its rule. See *Pruyn* v. *Brinkerhoff*, 57 Barb. 176.

*Appeal sustained: decree of probate court set aside.*

BINGHAM and PEASLEE, JJ., dissented: the others concurred.